**XIU MEI WENG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 05–2580–ag.

United States Court of Appeals,
Second Circuit.

Aug. 31, 2007.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Matt M. Dummermuth, United States Attorney, Martha A. Fagg, Assistant Unit-

ed States Attorney, Sioux City, IA, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Xiu Mei Weng, a native and citizen of the People's Republic of China, seeks review of a May 5, 2005, order of the BIA affirming the October 21, 2003, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Mei Weng,* No. A79 630 056 (B.I.A. May 5, 2005), *aff'g* No. A79 630 056 (Immig. Ct. N.Y. City Oct. 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004).

As an initial matter, we decline to consider Weng's arguments that (1) she will be forcibly inserted with an IUD if returned to China based on the unauthorized birth of her child, and that (2) she will be persecuted as a repatriated Chinese citizen who entered another country illegally and claimed a fear of mistreatment by the Chinese government. These arguments are unexhausted because Weng failed to raise them before the BIA. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) (requiring that petitioners raise to the BIA the specific issues they later raise in this Court);

*Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007) (describing issue exhaustion as a "mandatory" requirement, not "jurisdictional"). Moreover, the Government has properly asserted its affirmative defense by pointing out that Weng did not raise those issues below. *See id.* at 107 n. 1(a).

Weng, who has already given birth to one U.S.-citizen child and expects to deliver another in August 2007, allegedly in violation of China's one-child policy, also argues that she "falls within the class of persons under *Shou Yung Guo* " and *Tian Ming Lin* who face persecution in Fujian Province based on their violation of the family planning policy. Weng notes that in *Tian Ming Lin,* this Court took judicial notice of the documents in *Shou Yung Guo,* although they were not in the record, because of their potential relevance to the petitioner's claim that she would be forcibly sterilized upon return to Fujian Province. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 114–15 (2d Cir.2006); *Tian Ming Lin v. U.S. Dep't of Justice,* 473 F.3d 48, 54–55 (2d Cir.2007); *Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 110–11 (2d Cir.2006). Thus, although she has not submitted any of the documents at issue in those cases, Weng argues that her case should nevertheless be remanded to the BIA pursuant to *Tian Ming Lin* and *Jin Xiu Chen* to determine whether an official policy of forced sterilization exists in Fujian Province, and whether such policy would be enforced against her. She further asserts that this Court should exercise its inherent equitable powers to grant her motion to remand.

Weng's argument is unavailing. We have recently held that while we may have the inherent power to "order the taking of additional evidence," we will not exercise it

if "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007). Here, Weng seeks remand exclusively for the BIA to consider documents that are not in the record. However, because the regulations provide a mechanism for Weng to submit those documents to the agency through a motion to reopen, we will not remand the case to order the BIA to consider those documents. *See id.* at 270. While Weng also argues that remand is warranted so that she may file a motion to reopen, nothing prevents her from filing such a motion even during the pendency of her petition for review. Accordingly, Weng's argument fails.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).